IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CURTIS THOMAS, JR.,**

    Petitioner,

vs.                                         Case No. 4:11cv164-MCR/CAS

**MICHAEL D. CREWS, Secretary**
**of Florida Department of Corrections,**[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On April 15, 2011, Petitioner Curtis Thomas, Jr., proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On December 20, 2011, Respondent has filed a motion to dismiss and an answer. Doc. 14. Petitioner filed a reply on January 11, 2012. Doc. 17.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local

---

[1]The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida Department of Corrections in place of Kenneth S. Tucker. Michael Crews became Secretary on December 17, 2012, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## **Procedural Background**

By amended information filed March 27, 2002, in the Second Judicial Circuit, Gadsden County, the State of Florida charged Petitioner with two counts of capital sexual battery, in violation of section 794.011(2)(a), Florida Statutes, and two counts of lewd and lascivious molestation, in violation of section 800.04(5)(b), Florida Statutes, in connection with events that took place between April 26, 2001, and April 26, 2002. Doc. 14 Ex. A at 23-24; *see id.* at 5 (initial information filed June 13, 2002). The victims were Petitioner's daughters, T.T. and N.T. *Id.* at 23-24. Petitioner proceeded to a jury trial on June 25 and 26, 2003, during which he testified. *See* Doc. 14 Ex. B at 233-54. The jury found Petitioner guilty as charged on all four counts. *Id.* Ex. A at 30-33. The trial judge adjudicated Petitioner guilty and sentenced him to life in prison on the capital sexual battery convictions and 177.4 months on the other counts, with jail credit, all sentences to run concurrent. *Id.* at 35-41.

Petitioner timely appealed his conviction and sentence to the First District Court of Appeal (DCA), assigned case number 1D03-2933. *See* Doc. 14 Ex. C. Petitioner's appointed counsel raised three points on appeal: (1) whether the court erred by admitting T.T.'s hearsay statements in violation of Appellant's right to confrontation; (2) whether the court erred by finding the hearsay statements of T.T. reliable in view of the

fact that T.T. failed to give any evidence of the allegations at trial; and (3) whether the court erred by allowing nurse practitioner Steele to introduce T.T.'s hearsay statement, "he hunched me," when Steele was not attempting to diagnose any injury. *Id.* at 9, 12, 14. The State of Florida filed an answer brief. *Id.* Ex. D. On April 26, 2005, the First DCA per curiam affirmed the case without a written opinion. *Id.* Ex. E; *see* Thomas v. State, 902 So. 2d 139 (Fla. 1st DCA 2005) (table).

On July 7, 2006, Petitioner, through counsel, filed a motion for post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850, in the Gadsden County Circuit Court. Doc. 14 Ex. F at 1-12. In the Rule 3.850 motion, Petitioner asserted he had newly discovered evidence that the victims' mother, Kimberly Bates, had made the children falsely accuse another man, Jimmy Jones, of sexually abusing T.T. *Id.* at 3. Petitioner asserted that this evidence, if it had been available during trial, would have materially weakened the State's case against him and justifies a new trial. *Id.* at 3-4.

The post-conviction trial court held an evidentiary hearing on the Rule 3.850 motion on February 6, 2007, and April 8, 2007. Doc. 14 Exs. H and I. Petitioner continued to be represented by counsel, who called witnesses in support of the Rule 3.850 motion. Doc. 14 Exs. H and I. When Petitioner's counsel sought to call the victims to testify, the trial judge sustained the State's objection. Doc. 14 Ex. I at 8-13. The judge ruled: "I don't think there's been any predicate laid to call either of these child witnesses in the court concerning the testimony that they gave in the trial back in '03, almost four years later." *Id.* at 11. The judge found:

Case No. 4:11cv164-MCR/CAS

> There's no predicate laid to have them testify in this case, now. The only testimony about this Ms. Bates is what she did in the Jimmy Jones case, not in this case. There's no direct evidence that – or any even passing evidence that she somehow convinced these children to lie or make up something about Mr. Curtis Thomas in that case. You're trying to say that if she did it in this case, she must have done it in that case and obviously that's not relevant testimony.

*Id.* at 12-13. At the conclusion of the hearing, the judge denied the Rule 3.850 motion on the record:

> The Court will deny the – after the evidentiary hearing both initially and then this bifurcated hearing that we've handled today, the Court will deny the motion for relief under rule 3.850. The Court finds that there has been no recantation evidence by the victims in the case. The Court find[s] that the evidence that has been presented or has been learned about a potential case involving Jimmy Jones is not sufficient to require a new trial in this case.
>
> In other words, Mr. Curtis Thomas is not entitled to a new trial based upon this evidence that the victim's mother in this case may have put her daughters up to swearing or giving false testimony and false oaths and statements against Mr. Jones in his case. It's not clear whether that testimony would have been allowed under circumstances, because there's several different evidentiary rule problems with that evidence coming in at a trial even if it had been available.
>
> In any event, based upon that the Court finds that the plaintiff, excuse me, the defendant, Curtis Thomas, Jr., has not presented sufficient evidence to result in post conviction relief, setting aside of the jury's verdict.

*Id.* at 15-16. The state post-conviction trial court rendered a written order denying the

Rule 3.850 motion on March 13, 2007. *Id.* Ex. G at 56-57.

Petitioner, proceeding pro se, appealed the denial of his Rule 3.850 motion to the

First DCA, assigned case number 1D07-2261. *See* Doc. 14 Ex. J. Petitioner filed an

initial brief and raised one point: whether the lower court erred in denying appellant's

motion for post conviction relief based on newly discovered evidence. *Id.* The State filed an answer brief, and Petitioner filed a reply brief. *Id.* Exs. K, L. The First DCA per curiam affirmed the case without an opinion on June 1, 2009, and the mandate issued June 29, 2009. *Id.* Ex. M; *see* Thomas v. State, 10 So. 3d 637 (Fla. 1st DCA 2009) (table).

On October 9, 2008, Petitioner filed a pro se motion for DNA testing pursuant to Florida Rule of Criminal Procedure 3.853, which the state trial court dismissed on October 23, 2008, without prejudice to file an amended motion. Doc. 14 Exs. N, O. On November 6, 2008, Petitioner filed an amended Rule 3.853 motion referencing "the record panties belonging to T.T. and/or N.T. and containing sperm samples [that] were gathered as evidence at Gadsden Memorial Hospital in May 2002 and tested or not by the Florida Department of Law Enforcement." *Id.* Ex. P. In May 2009, the State filed a response to the Rule 3.853 motion indicating it was not aware of any evidence that has not already been examined and attaching a lab report, submitted as State's Exhibit 7, "which shows that there was not any sperm for subsequent DNA examinations." *Id.* Ex. Q. On July 21, 2009, the state court dismissed the Rule 3.853 motion without prejudice, specifically "should the Defendant come up with new information relating to the actual existence of the 'panties' and or any information relating to the 'panties' being misplaced or destroyed, if in fact they ever even existed, the Court will entertain an appropriate motion at that time." *Id.* Ex. R.

On September 22, 2010, Petitioner filed a petition for writ of habeas corpus in the Okaloosa County Circuit Court, arguing there was no substantive evidence to support

Case No. 4:11cv164-MCR/CAS

the jury's verdict, his convictions violate double jeopardy, and the trial court abused its discretion in denying his motion for judgment of acquittal. Doc. 14 Ex. X at 1-48. That same day, Petitioner also filed in the Okaloosa County Circuit Court a Rule 3.853 motion for DNA testing concerning the rape kit done on the victims. *Id.* at 49-51. By order rendered October 13, 2010, the Okaloosa County Circuit Court denied both the petition for writ of habeas corpus and the Rule 3.853 motion. *Id.* at 52-54. The court denied the Rule 3.853 motion without prejudice to raise the issue in the Gadsden County Circuit Court. *Id.* at 52. As to the petition for writ of habeas corpus, the court explained that the first and third arguments were issues that should have or could have been raised on direct appeal, and the second argument presented a post-conviction claim time-barred under Rule 3.850. *Id.* at 52-53.

Petitioner filed a pro se appeal in the First DCA, assigned case number 1D10-5931, and filed an initial brief asserting the circuit court erred in denying the habeas corpus petition. Doc. 14 Ex. Y. The First DCA per curiam affirmed the case without an opinion on March 9, 2011, and the mandate issued April 5, 2011. *Id.* Ex. Z; *see* Thomas v. State, 56 So. 3d 772 (Fla. 1st DCA 2010) (table).

On October 1, 2010, Petitioner filed a petition for writ of habeas corpus in the Gadsden County Circuit Court, arguing there was no substantive evidence to support the jury's verdict. Doc. 14 Ex. T. Petitioner subsequently filed, on October 1, 2010, a "Notice of Clarification" indicating that the habeas corpus petition filed in the Gadsden County Circuit Court was only a courtesy copy as "an initial filing of the same habeas corpus petition was filed in the Okaloosa County Court 24 September 2010." Id. Ex. U.

Also on October 1, 2010, Petitioner filed another Rule 3.853 motion for DNA testing in Gadsden County Circuit Court, asserting there existed untested DNA evidence from rape kits which, if tested, would exonerate him. Doc. 14 Ex. S. On October 19, 2010, Petitioner filed another copy of the Rule 3.853 motion for DNA testing. *Id.* Ex. V. On February 15, 2011, the state trial court denied the Rule 3.853 motion, explaining "the rape kits were submitted to FDLE for testing and no foreign DNA was found on them, and this evidence was submitted to the jury." *Id.* Ex. W. The court noted that Petitioner had previously filed a motion relating to DNA testing of the rape kits and warned Petitioner "that he must not file duplicative motions that have been ruled on without a new basis for doing so." *Id.* at 2.

As indicated above, Petitioner filed this § 2254 petition on April 15, 2011. Doc. 1. Petitioner alleges one ground: "Petitioner was denied his Sixth and Fourteenth Amendment Rights to due process and fair trial guaranteed him under the United States Constitution when considering that newly discovered evidence reveals that Petitioner is actually innocent of the crimes he stands convicted." *Id.* at 3. In response to an order from this Court, Petitioner clarified that the ground he raises "is not actual innocence (which he asserts to excuse any default), but that his conviction was obtained by the use of perjured testimony in violation of due process." Doc. 9 at 2; *see* Docs. 7 and 8.

On December 30, 2011, Respondent filed a motion to dismiss and an answer. Doc. 14. Respondent argues the § 2254 petition should be dismissed because it is untimely. *Id.* at 10-12. Respondent further argues, on the merits, Petitioner has not presented a ground for federal habeas relief; rather, he presents a claim of actual

innocence. *Id.* at 17-23. Finally, Respondent argues that even if Petitioner had presented a claim of constitutional error in his trial or if this Court allows a free-standing actual innocence claim, Petitioner is not entitled to relief. *Id.* at 23-29.

On January 11, 2012, Petitioner filed a reply. Doc. 17. Petitioner asserts a "defense to procedural bar through the actual innocence/miscarriage of justice gateway." *Id.* at 2. Petitioner asserts he is actually innocent of the crimes of which he was convicted, resulting in a miscarriage of justice. *Id.* at 5. Petitioner requests an evidentiary hearing "where the alleged victim(s) will come forward and testify before the Court that they were coerced into making the allegations." *Id.*

## **Analysis**

There is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates. *Id.* § 2244(d)(1)(A).[2] The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). The time may be equitably tolled, but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

---

[2]Later dates which may commence the limitations period are the date on which (1) an unconstitutional impediment which prevented the applicant from filing is removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactive on collateral review; and (3) the factual predicate for the claim could have been discovered by due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D).

In this case, Petitioner's conviction became final on July 25, 2005, when the time expired for seeking certiorari review in the U.S. Supreme Court, following the per curiam affirmance of his direct appeal by the First DCA on April 26, 2005. *See* 28 U.S.C. § 2244(d)(1)(A); Sup. Ct. R. 13. The AEDPA clock ran for 347 days until July 7, 2006, when Thomas filed his Rule 3.850 motion in the state trial court. *See* Doc. 14 Ex. F. The AEDPA time was tolled until the First DCA issued its mandate on June 29, 2009, in the appeal from the denial of the Rule 3.850 motion. At this point, the clock started again with 18 days remaining. The AEDPA time expired July 17, 2009, absent any other tolling activity.

Petitioner's Rule 3.853 motions for DNA testing did not toll the AEDPA limitations period. *See* Brown v. Sec'y, Dep't of Corr., 530 F.3d 1335, 1337-38 (11th Cir. 2008). Petitioner did not file anything else until he filed a petition for writ of habeas corpus in Okaloosa Count Circuit Court on September 22, 2010, well after the AEDPA one-year limitations period expired. *See, e.g.,* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."); Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period. A state-court petition . . . that is filed following the expiration of the limitations

period cannot toll that period because there is no period remaining to be tolled."). Accordingly, the § 2254 petition is untimely.

In his reply, Petitioner appears to acknowledge that his AEDPA time has expired and asserts a "defense to procedural bar through the actual innocence/miscarriage of justice gateway." Doc. 17 at 2. The U.S. Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" even when the AEDPA time has expired. McQuiggen v. Perkins, 133 S.Ct. 1924, 1928 (2013); see Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012). The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggen, 133 S.Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)); see Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (explaining U.S. Supreme Court "has not recognized any equitable exceptions to the statutory bars on habeas petitions when the petitioner does not make a 'credible showing' of actual innocence" and the Court's "most recent decision on the matter, McQuiggin, reaffirmed that principle, holding that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner'"). "To be credible, such a claim requires a petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324.

In this case, Petitioner has not supported his allegations with any new reliable evidence. Indeed, his allegations concern the same "newly discovered evidence" presented to the state post-conviction trial court in his Rule 3.850 motion in 2006 and considered at an evidentiary hearing in 2007, specifically that the victims' mother falsely accused another man, Jimmy Jones, of sexually abusing T.T. See Doc. 1 at 4. As Respondent explains, the record supports the state post-conviction court's determinations regarding such evidence. See Doc. 14 at 23-28. Moreover, as Respondent also points out, in Florida, evidence of false allegations in an unrelated case are generally not admissible. See id. at 28; Pantoja v. State, 59 So. 3d 1092 (Fla. 2011). Although the district court "is not bound by the rules of admissibility that would govern at trial," Schlup, 513 U.S. at 329, Petitioner did not present any new reliable evidence sufficient to meet the stringent "actual innocence" standard. See McQuiggin, 133 S.Ct. at 1936 ("We stress once again that the Schlup standard is demanding. The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (quoting Schlup, 513 U.S. at 316)).

## Conclusion

Case No. 4:11cv164-MCR/CAS

This § 2254 petition is untimely and Petitioner has not demonstrated entitlement to any exception to the one-year AEDPA limitations period. Accordingly, Respondent's motion to dismiss should be granted and the § 2254 petition should be dismissed.

**Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing).[3] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

---

[3] Because dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 14) be **GRANTED**, the § 2254 petition for writ of habeas corpus be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2013.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**